**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JUDE AGUGBA,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Case No.** |
| **vs.** | ) | **Judge** |
| | ) | **Magistrate Judge** |
| **CONSUMER BENEFIT SERVICES,** | ) | |
| **INC., an Illinois Corporation, CBS** | ) | |
| **SERVICES CORP., an Illinois** | ) | |
| **Corporation, WSMM CHI, INC, an** | ) | **JURY TRIAL DEMANDED** |
| **Illinois Corporation and AUGEO** | ) | |
| **AFFINITY MARKETING, a foreign** | ) | |
| **corporation.** | ) | |
| | ) | |
| **Defendants** | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, JUDE AGUGBA, by his attorneys, ANDREOU &

CASSON, LTD., and for her complaint against the Defendants, CONSUMER BENEFIT

SERVICES, INC. (CBSI), CBS SERVICES CORP., WSMM CHI, INC, and AUGEO

AFFINITY MARKETING (collectively referred to as "Defendants" or "Augeo"), states

as follows:

**Jurisdiction & Venue**

1.     This Cause of Action is brought by the Plaintiff who is seeking redress for

violations of rights guaranteed to him by 42 U.S.C. § 12111, et.seq. of the Americans

with Disabilities Act ("ADA").  The Plaintiff seeks compensatory damages, together with

punitive damages, pre-judgment costs and attorneys' fees.

2.     The jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C.

1331, 1343, 1337 and 42 U.S.C. §§12111 and 2000e-16.

1

3.      Venue of this Complaint has been properly been laid in the Northern District of Illinois since the Plaintiff is a resident of this judicial district and all of the alleged unlawful employment practices giving rise to this Complaint occurred within this district. 42 U.S.C. 2000e-5(f) (3).

## Parties

4.      Plaintiff, is an adult citizen of the United States who resides in Joliet, Illinois, and at all times relevant, was employed by the Augeo as a warehouse clerk in Augeo's Naperville, Illinois facility.

5.      Defendants are all corporations doing business in the State of Illinois and are either registered or incorporated under the laws of the State of Illinois.

## Administrative Exhaustion

6.      The Plaintiff has exhausted all mandatory pre-complaint procedures required by law by filing timely administrative complaints with the U.S. Equal Employment Opportunity Commission.

7.      More specifically, Plaintiff filed Claim No. 440-2012-04302 on July 7, 2012.  On February 14, 2013, the EEOC issued its "Dismissal and Notice of Rights" dismissing the Plaintiff's charge of discrimination and directing the Plaintiff to file suit.

## Facts Common to All Counts

8.      The Plaintiff was hired as a warehouse clerk on April 15, 2002.

9.      This duties included receipt of merchandise, assembly and packaging merchandise for shipment, storage and inventory of goods and merchandise and preparation of reports relating to these duties.

2

10.     The Plaintiff was injured while performing his assigned work duties in 2010.

11.     The Plaintiff was diagnosed with a torn rotator cuff and was required to undergo surgery.

12.     In February, 2012, the Plaintiff had surgery to repair the rotator cuff tear.

13.     Subsequently, in February, March and April, 2012, the Plaintiff received medical clearance to return to work on light duty and to not place undue stress on the surgically repaired rotator cuff.

14.     After the Plaintiff's injury, the Plaintiff was told by his supervisor, Val Oguike, not to report the injury or file a workers compensation claim. Oguike stated that the bills were going to be high and that the Plaintiff should give the hospital his own insurance information and suggested that he falsely claim the medical charges on the Plaintiff's personal insurance policy.

15.     In 2011 the Plaintiff hired an attorney to assist him with a workers compensation claim.

16.     On February 1, 2011 the Plaintiff filed a claim with the Illinois Workers Compensation Commission (the "Commission").

17.     The Plaintiff's workers compensation attorney sent a letter to the Defendant notifying it of his representation and that a claim had been filed with the Commission.

18.     Upon receiving the letter from Plaintiff's attorney, Val Oguike, the Plaintiff's supervisor, contacted the Plaintiff and was irate. Oguike told the Plaintiff that he should not have done that (file an workers compensation claim) and said "if that is the route you want to go" that the Plaintiff would regret it.

19.     Thereafter, Oguike became increasing hostile to the Plaintiff. The Plaintiff was denied a raise in April, 2012.

20.     Another employee, Sara Bentley, was injured on the job, had surgery and was not fired. She did not file a workers compensation claim.

21.     Upon returning to work in February, March and April, 2012, the Plaintiff was told to go home by the Defendant's General Manager, Andrew Cimo until the Plaintiff's physician provided a full release.

22.     The Plaintiff's doctor then issued a full return to work order effective July 16, 2012.

23.     On June 23, 2012, the Plaintiff was called by his supervisor, Val Oguike, and told that a package was waiting for him in the Naperville facility.

24.     Upon retrieving the package, the Plaintiff received a notice of termination.

25.     The Plaintiff made three separate requests for accommodation for his physical disability and, on each occasion, the Defendant refused to provide an accommodation.

## COUNT I

## DISCRIMINATION BASED ON DISABILITY-42 U.S.C. § 12111

26.     PLAINTIFF re-pleads and re-alleges Paragraphs 1 through 25 as if fully plead herein.

27. PLAINTIFF has a permanent physical impairment which substantially limits his major life activities.

28. PLAINTIFF was given a duty assignment as a warehouse clerk which included receiving, lifting and moving merchandise, stocking shelves, inventory of stored goods and shipping and miscellaneous other duties assigned by the Defendant.

29. PLAINTIFF was capable of performing the job in question, with or without reasonable accommodation and, in fact, performed said job from his date of hire through 2012.

30. PLAINTIFF was terminated once the Defendants discovered that his injury was permanent and PLAINTIFF sought accommodation.

WHEREFORE, PLAINTIFF prays for judgment regarding all of his claims as follows:

a.       Equitable and prospective declaratory and injunctive relief;

b.       Compensatory damages allowed by law;

c.       Exemplary or punitive damages allowable by law;

d.       Pre- and post-judgment interest, costs, attorneys' fees; and

e.       Any other relief to which PLAINTIFF may be entitled under the applicable federal and state laws, and such other relief as the Court deems just and equitable

## COUNT II
## Retaliation-ADA

31.       Plaintiff repeats and re-alleges Paragraphs 1 through 30 as if fully set forth herein.

30.       That as a proximate result of the foregoing conduct on the part of the Defendant, Plaintiff was "constructively discharged" from employment.

32.       That as a further proximate result of the acts and omissions on the part of the Defendant, Plaintiff has suffered loss of wages, benefits, emotional distress and has incurred attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

1. Adjudge and declare that the acts of the Defendant constitute discrimination on the basis of physical disability;
2. Adjudge and declare that the failure on the part of the Defendant to reasonably accommodate Plaintiff's disability is an unlawful retaliatory practice and order that such unlawful discrimination be discontinued;
3. Order the Defendant to reinstate the Plaintiff to a full-time position of employment consistent with his physical disabilities;
4. Order the Defendant to pay the Plaintiff back pay, health and retirement benefits and all other emoluments associated with his employment, the loss of which was proximately caused by the Defendant's failure to reasonably accommodate Plaintiff's physical disabilities;
5. Order the Defendant to pay Plaintiff compensatory damages in the maximum amount allowed by law;
6. Order the Defendant to pay Plaintiff's reasonable attorneys' fees and costs; and,
7. Order such other and further relief as this Court deems just and appropriate under the circumstances of this case.

## COUNT III
### Retaliatiatory/Wrongful Discharge-State Law

33. PLAINTIFF re-pleads and re-alleges Paragraphs 1 through 32 as if fully plead herein.

34. PLAINTIFF was terminated on June 13, 2007.

35. PLAINTIFF was terminated because he filed a workers compensation claim against the Defendants and sought treatment of injuries he suffered on the job as Defendants employee.

36. The Defendant treated other similarly situated employees who did not file workers compensation claims differently.

37. PLAINTIFF's discharge in retaliation for filing a workers compensation claim violates a clear mandate of Illinois public policy to protect workers compensation claimants from wrongful termination and provide gainful employment for those with physical disabilities.

WHEREFORE, PLAINTIFF requests judgment regarding all of his claims as follows:

a.     Equitable and prospective declaratory and injunctive relief;
b.     Compensatory damages allowed by law;
c.     Exemplary or punitive damages allowable by law;
d.     Pre- and post-judgment interest, costs, attorneys' fees; and
e.     Any other relief to which PLAINTIFF may be entitled under the applicable federal and state laws, and such other relief as the Court deems just and equitable.


Respectfully submitted,

ANDREOU & CASSON, LTD.

By:*/s/Luke A. Casson*_____
      Luke A. Casson

### TRIAL BY JURY DEMANDED

Luke A. Casson
Andreou & Casson, Ltd.
Attorneys for Plaintiff
661 West Lake St., Suite 2N
Chicago, Illinois 60661
Telephone 312/935-2000
Facsimile 312/935-2001
lcasson@andreou-casson.com